**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ADRIENNE ANGTON, | ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. |
| v. | ) ) | COMPLAINT |
| TRANS UNION, LLC, and ESSEX PROPERTY TRUST, INC., | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | NON-ARBITRATION |

## PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer, Adrienne Angton, against Trans Union, LLC and Essex Property Trust, Inc., (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## JURISDICTION & VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.    Plaintiff Adrienne Angton is an adult individual residing in the state of California.

5.    Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.    Defendant Essex Property Trust, Inc. ("Essex") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1100 Park Place, Suite 200, San Mateo, CA 94403.

## FACTUAL ALLEGATIONS

7.    Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least June 2025 through the present. The inaccurate information pertains to an account with Essex.

8.    Specifically, Defendants are falsely reporting that Plaintiff has an outstanding balance due and owing to Essex.  This information is inaccurate as Plaintiff owes no debts to Essex.

9.    The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

10.    Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.  Defendant Trans Union has repeatedly published and disseminated consumer reports to third parties from at least June 2025 through the present.

11.    Plaintiff has disputed the inaccurate information with Defendant Trans Union by following Defendant's established procedures for disputing consumer credit information.

12.    Plaintiff has disputed the inaccurate information with Defendants from at least June 2025 through the present.

13.    Notwithstanding Plaintiff's efforts, Trans Union has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information, and Trans Union continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Trans Union has repeatedly published and disseminated consumer reports to such third parties from at least June 2025 through the present.

14.     Despite Plaintiff's efforts, Trans Union has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

15.     Notwithstanding Plaintiff's disputes, Essex, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, and has willfully continued to report such inaccurate information to various credit reporting agencies.

16.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

17.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

18.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

3

19.    At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
### (Plaintiff v. Trans Union)

20.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.    At all times pertinent hereto, Trans Union was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

22.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

25.    The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – VIOLATIONS OF THE FCRA
### (Plaintiff v. Essex)

26.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.    At all times pertinent hereto, Essex was a "person" as that term defined by 15 U.S.C. § 1681a(b).

28.    At all times pertinent hereto, Essex was a "furnisher" of credit information as defined by the FCRA.

29.    Essex violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

30.    Essex's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Essex is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

### JURY TRIAL DEMAND

31.    Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

5

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e)    Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:    _/s/ Mark Mailman_
MARK MAILMAN, ESQUIRE
JOSEPH L. GENTILCORE, ESQUIRE
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600

Dated:  June 30, 2026                    *Attorneys for Plaintiff*